Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9224 | **DATE** | December 28, 2012 |
| **CASE TITLE** | Cesar Becerra (#2009-0026617) vs. Thomas J. Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $4.67 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim [or defendant(s)] in accordance with this order. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate currently in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County and Kankakee County Jails, have violated the plaintiff's constitutional rights by retaliating against him for a prior lawsuit, by failing to protect him from attack, by acting with deliberate indifference to his medical needs, by losing and/or destroying his personal property on multiple occasions, by wrongfully transferring him from protective custody to disciplinary segregation and to an "abnormal behavior observation unit," by subjecting him to inhumane conditions of confinement, and by ignoring many of his grievances.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $4.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint, as the document on file contains misjoined claims against unrelated defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, the plaintiff has submitted a 42-page complaint raising multiple claims against 23 officials at two different facilities.

As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607.

For the foregoing reasons, the plaintiff's complaint is dismissed, without prejudice. The plaintiff must choose a single, core claim (or defendant, or discreet group of related defendants) to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

As an additional concern, the court questions whether the plaintiff has a tenable claim with respect to his perceived genesis of the events giving rise to this action. "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, the plaintiff believes that he was the victim of retaliation for filing a previous lawsuit against a Superintendent Mauresse. *See Becerra v. Mauresse*, Case No. 10 5884 (N.D. Ill.) The plaintiff seems to contend that there is a unifying thread of retaliatory animus **(CONTINUED)**

| **STATEMENT (continued)** |
|---|

underlying many of the alleged instances of mistreatment. However, Case No. 10 C 5884 was dismissed on initial review without summonses ever having been issued. It would therefore seem highly unlikely that Supt. Mauresse could have even been aware of the lawsuit. Consequently, the main thrust of the instant complaint is of doubtful merit. [A second lawsuit, *Becerra v. Mauresse*, Case No. 11 C 0417 (N.D. Ill.), was likewise dismissed for failure to amend and for failure to exhaust administrative remedies without the defendants ever having been served. *See* Minute Orders of March 11, 2011, and July 26, 2012 (Coleman, J.).]

For the foregoing reasons, the plaintiff is granted thirty days from the date of this order to submit an amended complaint limited to a single, basic claim or defendant(s) on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is strongly encouraged to use only the space provided on the court's form.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations the plaintiff wishes the court to consider must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed in its entirety.